```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                               :

IDC CLAMBAKES, INC.                  :    BK No. 05-12267
         Debtor                           Chapter 11

- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER DISALLOWING THE ASSOCIATION'S CLAIMS FOR MONEY DAMAGES FOR TRESPASS

APPEARANCES:

    S. Michael Levin, Esq.
    Attorney for Debtor
    123 Dyer Street
    Providence, Rhode Island 02903

    Paul Sweeney, Esq.
    Attorney for Debtor
    7200 Wisconsin Avenue, Suite 800
    Bethesda, Maryland 20814

    William R. Grimm, Esq.
    Attorney for the Creditors
    HINCKLEY, ALLEN & SNYDER LLP
    1500 Fleet Center
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 05-12267

Heard on the Debtor's objection to the claims of Goat Island South Condominium Assoc., Inc.; America Condominium Assoc., Inc.; Capella South Condominium Assoc., Inc.; and Harbor House Condominium Assoc., Inc. (collectively, the "Association"), for damages in the amount of $3.5 Million caused by the Debtor's alleged trespass on a portion of Association land known as the "Reserved Area". The parties have filed cross motions for summary judgment, essentially raising two questions: (1) Did the Debtor trespass upon the Association's property? and (2) If there was a trespass, are the Association's claims for money damages barred by *res judicata* in this bankruptcy case? For the reasons discussed below, both questions are answered in the affirmative, resulting in: (1) the granting, in part, of both parties' Motions for Summary Judgment; and, (2) the disallowance of the Association's claims for money damages for trespass.

### BACKGROUND

The relevant evidence has been heard and adjudicated in the Rhode Island Superior Court and by the Rhode Island Supreme Court, in two opinions regarding these litigious parties: (1) *America Condominium Ass'n, Inc., v. IDC, Inc.,* 844 A.2d 117, 132-133 (R.I. 2004) (*America I*); and (2) *America Condominium Ass'n, Inc., v. IDC, Inc.,* 870 A.2d 434, 443 (R.I. 2005) (*America II*).

1

BK No. 05-12267

Prior to and until December 31, 1994, IDC Properties, Inc., an entity separate from the Debtor but controlled by the same principal, Thomas Roos, owned development rights to the northern portion of the Association property called the Reserved Area. For reasons not known to this Court, nor relevant at this time, IDC Properties failed to timely exercise said development rights. In a post facto effort to undo its error, IDC Properties convened several meetings of the master condominium associations, and certain amendments to condominium documents were approved which purportedly extended its development rights to December 15, 2015. History tells us loudly and clearly that agreement was never reached between the Association and the Roos' entities as to the validity of the extension approvals. Nevertheless, during 1997 and 1998, in spite of ongoing open hostilities over its alleged ownership and development rights in the Reserved Area, IDC Properties went ahead and constructed an opulent destination banquet facility known as the Regatta Club, right in the middle of the disputed space. IDC Properties then leased the Regatta Club (which became a very popular and profitable business enterprise) to the Debtor, and collected rent of approximately $1.1 Million from 1998 through 2005.

In May 1999, after years of acrimony and disagreement between

BK No. 05-12267

the parties, the Association filed a seven count state court complaint against IDC Properties, Roos individually, and another related entity, IDC Development Corporation, Inc. (collectively, "Properties"[1]), seeking "compensatory and exemplary damages as well as declaratory and equitable relief." *America I*, 844 A.2d at 119. In January 2000, on cross motions for summary judgment, the Rhode Island Superior Court held that Properties' attempt to extend its development rights deadline was without merit, and that said rights had expired. On appeal, the Rhode Island Supreme Court affirmed the Superior Court's conclusion that Properties' development rights did not extend beyond December 1994, and also ruled that title to the Reserved Area and all improvements thereon "vested in the individual unit owners in fee simple." *Id*. at 130-133. In addressing Properties' request for an accounting and for reimbursement of expenses paid in connection with the Reserved Area after December 1994, as well as its multi-million dollar investment in the Regatta Club, the Supreme Court said:

> In reviewing defendants' assertions that plaintiffs should not benefit from defendants' development of the Newport Regatta Club, we observe that defendants commenced such development with full knowledge of plaintiffs' claims and after they voluntarily entered

---

[1] We specifically exclude herein, IDC Clambakes, Inc., and when the Court intends to reference IDC Clambakes, it will refer to that entity as "the Debtor" or "Clambakes".

3

> into the tolling agreement. Considering that they developed the Reserved Area at a time when they were on notice that their right to do so was in dispute, we conclude that they constructed the parcel at their peril and cannot now contend that equity should prevent plaintiffs from prevailing because of their expenditures.
> However, with respect to the defendants' payments of common expenses on the disputed parcels after the declarant's development rights had expired, we concur that to permit the plaintiffs to enjoy the benefits of such expenditures would constitute an inequitable windfall.

*Id.* at 135. On remand to the Superior Court for an accounting, the Supreme Court stated: "This accounting is confined to the common expenses paid by defendants on the master units after the expiration of their development rights on December 31, 1994. It does not include any profits that the defendants may have earned from its operation of the Newport Regatta Club." *Id.* at 135, fn.24.

At reargument over title issues in the Reserved Area, the Supreme Court clarified its earlier ruling in *America II*, stating:

> We conclude, therefore, that those portions of airspace in the South, West, and North parcels that defendants and their predecessors intended to be master units are common elements because no units were created therein. The land underlying these "units" likewise is part of the common elements. Because no units were validly created, no master limited common elements appurtenant to them could be created. Consequently, these portions of the condominium always were, and remain, common elements.

*America II*, 870 A.2d at 442-3. Essentially the Court held that the Reserved Area historically was, and still is a common element, with

4

BK No. 05-12267

title in the individual unit owners, in common ownership, and that this common element was subject to Properties' development rights only until they expired in 1994.

In June 2005, shortly after the decision in *America II*, IDC Clambakes, Inc., the operating entity of the Regatta Club, filed this Chapter 11 case and, not surprisingly, attempted to relitigate in this Court many of the same issues previously decided adversely to it in the state courts. When those efforts were rejected here, the Debtor got down to business and began in earnest to address its Chapter 11 duties, i.e., its plan was promptly confirmed, all other creditors and fees were paid in full, and sufficient funds were placed in escrow to pay the Association in full if these claims are allowed as filed.

## **DISCUSSION**

The resolution of property rights through the law of trespass is determined according to state law, *Taggart v. Weinacker's Inc.*, 397 U.S. 223, 227 (1970), and to establish a trespass in Rhode Island it must be shown that: (1) the alleged trespasser intentionally entered onto the owner's property; and (2) the owner had rightful, exclusive possession of the property. *Smith v. Hart*, 2005 WL 374350, *5, (R.I. Super. 2005) *citing State v. Verrecchia*, 766 A.2d 377 (R.I. 2001); *Berberian v. Avery*, 205 A.2d 579 (R.I.

5

1964); one who enters another's property with consent or privilege is not a trespasser. *Ferreira v. Strack*, 652 A.2d 965, 969 (R.I. 1995).

Here, the Association's trespass claim depends upon whether the Debtor had rightful, *exclusive possession* of the Reserved Area during the period in question. For the reasons argued by the Association, which are adopted and incorporated herein by reference (*See* Doc. No. 436 at pp. 6-7 and 13-18), I conclude that the Debtor did not have exclusive possession of the Reserved Area after December 31, 1994. Specifically, the Debtor's ownership and other rights in the Reserved Area were fully and finally determined by the Rhode Island Supreme Court to be a common element which all condominium owners had the right to use and access in common with all other owners. *See America II*, 870 A.2d at 442-3. While the Debtor, by virtue of its ownership of several condominium units, had *common access* to the Reserved Area, in no way did it have exclusive possession of the Reserved Area after December 31, 1994. Pursuant to R.I. Gen. Laws §§ 34-36.1-3.12, 34-36.1-2.07(e) (1956) of the Rhode Island Condominium Act, a unit owner may not unilaterally convey any portion of the common elements of a condominium. *See also St. Jean Place Condominium Ass'n v. DeLeo*, 745 A.2d 738 (R.I. 2000). The statute also provides that common

6

elements may not be conveyed (sold, rented or encumbered) without the vote of at least 80 percent of the association, and there was no such vote or authorization in this case. *See St. Jean Condominium Assoc.,* 745 A.2d at 740-71 (one cannot convey what one does not own). Therefore, since the "lease" between IDC Properties and IDC Clambakes was probably void ab initio, and because neither the lessor nor the lessee had the exclusive right to possession of the Reserved Area, the Debtor (lessee) was indeed a trespasser, as was its lessor.

Beyond finding that there was a trespass, however, I cannot agree with the Association arguments regarding its claims for damages. The Debtor correctly points out that the Supreme Court, in *America I*, has already addressed and ruled upon the Association's entitlement to damages, and for the reasons advanced by the Debtor (principally *res judicata*) I conclude that Claim Nos. 16-19 should be and hereby are DISALLOWED. The rulings and orders in *America I* established the law of this case. There, the Rhode Island Supreme Court fashioned a complete and quite generous remedy for the transgressions of the Roos' entities, notably that the Association, which now owned the Regatta Club, would not have to reimburse IDC Properties one dime for its investment in that facility. *Id.* The ruling in *America I* also settled the issue that

7

BK No. 05-12267

the Association is not entitled to profits earned by IDC Properties while it operated the Regatta Club.  *Id*. at 135, fn.24.

The Association also contends that because the Debtor was not a named party in the state court litigation it may not invoke *res judicata* as a defense here.  This broad brush statement, however, does not alter the substantive result that the Rhode Island Supreme Court, in a final and dispositive ruling, has already provided the Association with a complete remedy for the trespass committed against it.  It should also be noted that while both the Debtor and its lessor, Properties, were trespassers, the Association is "entitled to only one satisfaction of the tort, even though two or more parties contributed to the loss." *Augustine v. Langlais*, 402 A.2d 1187, 1189 (R.I. 1979), and that although the Debtor physically occupied the Reserved Area under a lease with IDC Properties, that occupancy did not cause additional or separate harm to the Association.  As compensation, the Rhode Island Supreme Court awarded the Association the substantial improvements made to the Reserved Area by IDC Properties and/or the Debtor.  That, together with the accounting ordered by the Supreme Court, constituted full compensation to the Association, regardless of the number of participants involved in the commission of the trespass under consideration.

BK No. 05-12267

In addition to the foregoing rulings based on *res judicata*, and damages vis-a-vis joint tortfeasors, this Court also concludes independently, based on the totality of circumstances, that to award the Association anything further as additional damages in this bankruptcy would clearly be overkill and an unjust enrichment.

### CONCLUSION

Procedurally, then, (1) the Association's Motion for Summary Judgment is GRANTED IN PART, on the issue whether there was a trespass by the Debtor; (2) the balance of the relief sought by the Association is DENIED; (3) the Debtor's Cross Motion for Summary Judgment is also GRANTED IN PART, as to whether the Association's claims are barred by *res judicata,* as well as its joint tortfeasor liability argument; and (4) based on the foregoing discussion and rulings, either as made herein or as adopted and incorporated by reference, the Association's claims for damages in this bankruptcy case are DISALLOWED.

Enter judgment consistent with this opinion.

Dated at Providence, Rhode Island, this 24th day of January, 2007.

*/s/ Arthur N. Votolato*
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 1/24/2007